Mr. Justice Smith
delivered the opinion of the court.
The construction of the articles of partnership between the plaintiff in error, and Kenneth Dye, was settled by this court, in the case of Perry v. Randolph, 6 S. & M. 335.
The relation of William Gift to the parties in controversy, is precisely the same in this and the case above referred to. In that case, his evidence, for sufficient reasons, was held to be incompetent. His deposition therefore on the trial of this case below, was properly ruled out.
The deposition of Kenneth Dye was offered, and ruled out. Dye was the former partner of Randolph, and had sold out to Gift. It was upon the contract of Dye, acting as a partner of Randolph, that this suit was brought. Dye was directly interested in preventing a recovery. Upon a plain principle, his evidence was properly excluded.
The jury having retired to consider of their verdict, and not agreeing upon the construction of the articles of partnership, returned into the court-room for instructions from the judge, who gave them the following, to wit: The court charges the jury that the articles of agreement in proof, constituted Dye & Randolph partners in the race-course, and each partner had a right *11 to bind the firm by any contract made in relation to the racecourse. This charge was given against the consent of the defendant’s counsel.
This charge is made the foundation of two exceptions 1. That it was given at an improper time; and 2. That it was given in violation of the statute (Hutch. Code, p. 888, Art. 9, sect. 14,) which directs that “For the better preservation of the sanctity of the trial by jury, no judge or justice, before whom any issue, or issues of fact may hereafter be tried by a jury, shall sum up or comment on the evidence.”
The last exception is not well taken. There was no comment upon the evidence. The charge was simply explanatory of the legal effect of the articles of partnership, which had been offered in evidence, or, in other words, the charge contained a construction of them. The articles had been received as evidence, and it was, certainly, the province of the court to give them their legal construction.
It was, to say the least of it, an irregularity on the part of the court, to charge the jury, under the circumstances detailed. But as no objection is made to the correctness of the instruction, we do not deem it a sufficient ground for reversing the judgment.
Let the judgment be affirmed.